IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MELISSA EBERT, :
    Plaintiff :
 :
v. : CIVIL NO. 1:13-MC-277
 :
C.R. BARD, INC., *et al*, :
    Defendants :

*MEMORANDUM*

*I.*    *Introduction*

This matter is before the court on the motion to quash subpoena (Doc. 1) filed by nonparty Frank Lynch, M.D. ("Dr. Lynch"). Plaintiff Melissa Ebert opposes the motion. For the reasons that follow, we will grant the motion and quash the subpoena.

*II.*    *Background*

Plaintiff filed suit against C.R. Bard, Inc. and Bard Peripheral Vascular (collectively, "Bard") in the Eastern District of Pennsylvania, civil action no. 5:12-cv-01253-LS, to recover damages for personal injuries allegedly sustained as a result of a defective medical device. Plaintiff alleges that the inferior vena cava filter ("IVC fiter") implanted in her body, a device designed by Bard to prevent blood clots from traveling from the lower portions of the body to the heart and lungs, is defective and unreasonably dangerous because it cannot withstand the normal stresses associated with placement within the human body.

On May 1, 2013, Plaintiff served nonparty Dr. Lynch, an interventional radiologist employed by Penn State Milton S. Hershey Medical Center ("Hershey Medical Center"), with a subpoena to testify at a deposition on May 22, 2013, along with requests to produce twenty-one categories of documents at the deposition. (Doc. 1-1). Plaintiff's document requests are far-reaching in scope and not limited to a particular time frame. For example, Plaintiff requests "[a]ny and all documents, electronically store information (ESI), electronic media, and electronic data . . . relating

or pertaining in any way to all communications with any Interventional Radiologists and/or other physicians concerning the use of [IVC filters]." (*Id.* at 9).

On May 17, 2013, Dr. Lynch brought the matter before this court by filing a motion to quash the subpoena pursuant to Federal Rule of Civil Procedure 45. (Doc. 1). In support of his motion to quash, Dr. Lynch indicated that he has never treated Plaintiff and has no factual information regarding Plaintiff or her surgery at St Luke's Hospital as described in the civil action filed in the Eastern District of Pennsylvania. Dr. Lynch argued that the subpoena should be quashed for the following reasons: (1) the subpoena did not provide a reasonable time for compliance; (2) compliance with the subpoena would cause an undue burden based on the overly broad requests for production of documents; (3) compliance would require the disclosure of privileged, confidential, and proprietary commercial information; and (4) producing the requested documents would essentially require Dr. Lynch to disclose an expert report, even though he has not been retained to produce such a report. Dr. Lynch also requested that Plaintiff be ordered to pay the attorney's fees and costs associated with quashing the subpoena.

On May 20, 2013, the Court entered an order granting Dr. Lynch's motion on the "on the basis that the subpoena fails to allow a reasonable time for compliance." (Doc. 2 at 1). We also established a briefing schedule so the parties could address the remaining issues raised in the motion, including Dr. Lynch's request for attorney's fees. Following numerous extensions of time sought by the parties and granted by the court, Dr. Lynch filed a brief in support of the motion to quash on December 6, 2013. (Doc. 17). In this brief, Dr. Lynch expounds on the arguments raised in his initial motion, and indicates for the first time that the information subpoenaed is contained in electronic version on the computer server owned and

2

maintained by the Hershey Medical Center. Dr. Lynch also indicates that he is not authorized to release information on this server.

Plaintiff filed her brief in opposition (Doc. 25) on February 19, 2014, disagreeing with the various positions advanced by Dr. Lynch. Plaintiff contends that Dr. Lynch should be required to produce the information he possesses which is relevant to Plaintiff's case, as well as hundreds of other product liability cases handled by her counsel and others regarding Bard's IVC filters.[1] Dr. Lynch filed a reply brief and supporting affidavit on March 14, 2014. (Docs. 26, 27). The matter is ripe for disposition.

III.     *Legal Standard*

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas, through which a party may seek discovery from a nonparty. Rule 45 requires, in pertinent part, that a subpoena "command each person to whom it is directed to . . . produce designated documents, electronically stored information, or tangible things in that person's *possession, custody, or control*." Fed. R. Civ. P. 45(a)(1)(A)(iii) (emphasis added).

This subpoena power is not without limits, however, and "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). To that end, courts must–on timely motion–quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). When analyzing whether a subpoena places an undue burden on a nonparty, courts consider issues such as relevance, the requesting party's need for the documents, the

---

[1] Plaintiff no longer seeks to depose Dr. Lynch, but maintains that her requests for documents are proper. The court, therefore, will limit its analysis to the propriety of the document requests.

breadth of the request, the time period covered, the particularity with which the documents are described, and the burden imposed in responding. *Lindsay v. C. R. Bard, Inc.*, No. 1:MC-10-441, 2011 U.S. Dist. LEXIS 6531, *4 (M.D. Pa. Jan. 24, 2011) (citing *Grider v. Keystone Health Plan Cent., Inc.*, No. 05-MC-40, 2005 U.S. Dist. LEXIS 44069, *26 (M.D. Pa. July 28, 2005)).

Courts are also required–on timely motion–to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). Courts are permitted to quash or modify a subpoena if it requires the disclosure of either: (1) "a trade secret or other confidential research, development, or commercial information"; or (2) "an unretained expert's opinion or information that does not describe specific occurrences in dispute . . . ." Fed. R. Civ. P. 45(d)(3)(B)(i-ii).

IV.     Discussion

Dr. Lynch advances a number of persuasive arguments that warrant quashing the subpoena at issue. First, while a nonparty may be required to produce documents that are in his "possession, custody, or control," Fed. R. Civ. P. 45(a)(1)(A)(iii), Dr. Lynch has submitted an affidavit indicating that the documents sought by Plaintiff in this instance are on the computer server owned by his employer, Hershey Medical Center. (Doc. 26 at 2). Dr. Lynch further avers that he is not authorized to release information contained on that server or to permit others to access the information contained therein. (*Id.*).

In light of such a denial by Dr. Lynch that he has possession, custody, or control of the requested documents, the burden shifts to Plaintiff to demonstrate that Dr. Lynch has the "practical ability to obtain the documents at issue." *Tiffany (NJ) LLC v. Qi Andrew*, 276 F.R.D. 143, 148 (S.D.N.Y. 2011) (citations omitted). Plaintiff has

4

made no such showing in this case.[2] Accordingly, we cannot compel Dr. Lynch to produce documents from the servers of Hershey Medical Center.

Second, even if the documents were in his possession, custody, or control, we agree that the subpoena improperly subjects Dr. Lynch to an "undue burden" under Rule 45(d)(3)(A)(iv). Plaintiff's twenty-one document requests are far-reaching in scope and not limited to a particular time frame. By way of example, Plaintiff requests any and all information "relating or pertaining in any way to all communications with anyone from [Bard], or any of their employees, agents, representatives, managers, executives, subsidiaries, sales representatives or outside consultants concerning any of their [IVC filters]." (Doc. 1-1 at 9). Plaintiff similarly requests any information pertaining to any communications Dr. Lynch ever had with any physicians concerning IVC filters, as well as any investigation into harm associated with the use of IVC filters. (*Id.*). While some of the information obtained from Dr. Lynch through these vast requests could be helpful to her case, Plaintiff has not demonstrated that she would be unable to obtain the relevant information through discovery with the parties actually involved in that suit. Further, in light of Dr. Lynch's lack of involvement in the treatment of Plaintiff, the burden imposed by such broad requests is particularly onerous when compared to the potential relevance of the requested materials.

---

[2] Demonstrating a recognition of the principle that a Rule 45 subpoena must be served on the individual or entity who has custody, control, or possession of the requested documents, Plaintiff states in her brief that she has also "subpoenaed Hershey Medical Center requesting the same documents . . . ." (Doc. 25 at 16). Plaintiff indicates that she has not received the requested documents from Hershey Medical Center, then cryptically states "[u]nfortunately, pursuant to the local rules, Plaintiff must file a miscellaneous action in order to allow for Hershey to comply with the Subpoena." (*Id.*). As the matter is not before us, we pass no judgment on the propriety of any subpoena served on Hershey Medical Center.

Third, given the sweeping nature of the document requests and Dr. Lynch's lack of involvement in the treatment or care of Plaintiff, we conclude that failing to quash the subpoena would also improperly require Dr. Lynch to disclose his expert opinion, even though he has not been retained or compensated for such opinion. *See* Fed. R. Civ. P. 45(d)(3)(B)(ii) (permitting court to quash or modify a subpoena if the subpoena requires the disclosure of "an unretained expert's opinion or information that does not describe specific occurrences in dispute . . . ."). Retained experts are compensated for their time and efforts spent generating reports and testifying, and failing to quash the subpoena at issue in this matter would effectively let Plaintiff get the milk without buying the cow.

Fourth, quashing the subpoena is appropriate because it requires the disclosure of privileged and confidential information. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii) (directing courts to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies"); Fed. R. Civ. P. 45(d)(3)(B)(i) (permitting courts to quash or modify a subpoena if it requires the disclosure of "trade secret or other confidential research, development, or commercial information"). Plaintiff's sweeping requests would require Dr. Lynch to disclose, *inter alia*, the records and identifying information of Dr. Lynch's own patients, various communications with other physicians, and proprietary information of Bard, with whom Dr. Lynch has entered into a confidentiality agreement. The court will not countenance such disclosure given Plaintiff's expansive requests and the limited utility of the information sought.

In light of the foregoing, the court finds that quashing the subpoena is appropriate. Further, we conclude that by initially serving this overbroad subpoena and continually seeking its enforcement over the past eleven months, Plaintiff's counsel

6

has failed to take "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Thus, we will award Dr. Lynch the attorney's fees incurred to date to have the subpoena quashed. *See Spencer v. Steinman*, 179 F.R.D. 484, 487-89 (E.D. Pa. 1998) (ordering plaintiff's counsel to pay attorney's fees incurred by defendant to have subpoena quashed). Dr. Lynch shall have fourteen days from the date of this order to provide documentation sufficient to substantiate his claim for $4,427.50 in attorney's fees.

    *V.    Conclusion*

For the foregoing reasons, we will grant Dr. Lynch's motion to quash subpoena (Doc. 1) and award him the attorney's fees he has incurred as a result. We will issue an appropriate order.

    /s/ William W. Caldwell
    William W. Caldwell
    United States District Judge